IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Aslam Shahid, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Blakey |
| v. | ) | |
| | ) | 15 C 8330 |
| Governors State University, | ) | |
| | ) | |
| Defendant. | ) | |

**THIRD AMENDED COMPLAINT**
**(Civil Rights and Employment Discrimination)**

**Introduction**

1. Plaintiff Aslam "Sam" Shahid seeks redress for religious discrimination, racial, national origin, and ancestry discrimination. This case is brought for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, and 42 U.S.C. § 1981.

**Jurisdiction**

2. Jurisdiction of this Court is provided by 28 U.S.C. §§ 1331 and 1343.

3. On February 12, 2015, Plaintiff timely filed a charge of racial discrimination, religious discrimination, and national origin discrimination with the EEOC. (See Exhibit 1.)

4. On June 25, 2015, Plaintiff received a Notice of Right To Sue. (See Exhibit 2.)

5. Venue is proper in this judicial district because the Defendant resides here, and all of the events occurred here.

**The Parties**

6. Plaintiff is a South Asian Muslim of Pakistani national origin. He worked for Defendant in the Northern District of Illinois.

7. Defendant, Governors State University ("GSU"), is an Illinois state university doing business in the Northern District of Illinois. At all relevant times, Defendant has had more than 500 employees.

## Facts Upon Which Claims Are Based

8. Plaintiff has been teaching Information Technology ("IT") at the college level since 2002. Plaintiff has been teaching Computer Science at the college level since 2006.

9. Plaintiff began working for GSU in 2007 as an Adjunct Professor in GSU's Computer Science Department. During his interview for the Adjunct Professor position, Plaintiff showed his Professional Certification in Information Assurance I (Security+), and a second Professional Certification in Security Awareness (ITAA), to Dr. Shih and Dr. D'Arcy. At that time, Dr. D'Arcy was the Chair of the Science Division, and Dr. Shih was a Professor in the Computer Science Department. The Computer Science Department was part of the Science Division. Based in part on his Professional Certifications, Plaintiff was hired to teach undergraduate and graduate courses at GSU starting in 2007. Dr. D'Arcy was reluctant to hire Plaintiff to teach graduate courses until she saw his Professional Certifications.

10. Plaintiff became a part-time University Lecturer in GSU's Computer Science Department in 2010.

11. Since 2007, Plaintiff has been the only Muslim working in GSU's Computer Science Department.

12. Since 2007, no other employees in GSU's Computer Science Department have self-identified themselves as being Muslim.

13. Since 2007, Plaintiff has been the only person of South Asian race or ancestry or Pakistani national origin working in the GSU's Computer Science Department.

14. Since 2007, no other employees in GSU's Computer Science Department have self-identified themselves as being of South Asian race or ancestry or Pakistani national origin.

15. In October 2014, GSU posted a job announcement for a full-time position in the Computer Science Department: University Lecturer, Information Technology. (See Exhibit 3.) Plaintiff applied for that position.

16. Richard Manprisio also applied for the position. He is White, non-Muslim, non-Pakistani.

17. GSU selected Plaintiff to interview for the position, because he satisfied the "minimum qualifications" listed on the job announcement.

18. The first requirement listed on the job announcement was a "Master's Degree in Computer Science, Information Technology, or related field." This was listed as a "minimum qualification." Throughout GSU's hiring process relating to the full-time University Lecturer position (Exhibit 3), Plaintiff was more qualified than Mr. Manprisio in this category. Plaintiff received his Master of Science in Computer Science degree from GSU in 2002. Mr. Manprisio did not have a Master of Science in Computer Science degree or a Master of Science in Information Technology degree; he had a Master in Project Management degree. A Master in Project Management degree has nothing substantively to do with Computer Science or IT; thus, Mr. Manprisio's degree was not in a "related field."

19. The second requirement listed on the job announcement was "Current Professional Certification in at least two of the following areas: MS Server, Cisco, IT Security, Virtualization, CISSP." This was listed as a "minimum qualification." Throughout GSU's hiring process relating to the full-time University Lecturer position (Exhibit 3), both candidates were equally qualified in this category. They both had Professional Certifications in IT Security, but neither had Professional Certifications in MS Server, Cisco,

Virtualization, or CISSP.  Plaintiff had a Professional Certification in Information Assurance I (Security+), and a second Professional Certification in Security Awareness (ITAA).  (See Exhibit 4.)  Plaintiff received his Professional Certifications through the Center for Systems Security and Information Assurance (CSSIA), which is a National Science Foundation (NSF) Advanced Technological Education (ATE) National Resource Center.  Certifications from CSSIA have no expiration date.  CSSIA has earned seals of approval from the National Security Agency (NSA) and the Department of Homeland Security (DHS).  GSU wanted to earn seals of approval from NSA and DHS.  GSU wanted the new full-time University Lecturer to participate in achieving National Center of Academic Excellence standing for GSU.  GSU wanted the new full-time University Lecturer to support course mapping to NSA's Committee on National Security Systems standards.  Since Plaintiff received his Professional Certifications from an institution (CSSIA) that has earned seals of approval from NSA and DHS, and since Plaintiff had taught at institutions that have earned seals from NSA and DHS (CSSIA at Moraine Valley Community College, and Lewis University), Plaintiff was familiar with NSA's Committee on National Security Systems standards.  In addition, CSSIA at Moraine Valley Community College, and Lewis University were designated by the NSA/DHS as Centers of Academic Excellence.  Mr. Manprisio did not receive his Professional Certifications from institutions that had earned seals of approval from NSA and DHS; nor did he teach at institutions that had earned seals of approval from NSA and DHS.

20. Third, the job announcement stated, "Preference will be given to candidates who can teach and design courses in one or more of the following areas: Information Security and Assurance, Virtualization and Cloud Computing, Information Technology Management."

This was listed as a "preferred qualification." Throughout GSU's hiring process relating to the full-time University Lecturer position (Exhibit 3), Plaintiff was more qualified than Mr. Manprisio in this category. With regards to teaching in these areas, both Plaintiff and Mr. Manprisio had taught courses in the first area mentioned, Information Security and Assurance. Neither Plaintiff nor Mr. Manprisio had taught a course in the second area mentioned, Virtualization and Cloud Computing. Both Plaintiff and Mr. Manprisio had taught courses in the third area mentioned, Information Technology Management. With regards to designing courses, Plaintiff had designed courses in the first area mentioned, Information Security and Assurance, and the third area mentioned, Information Technology Management. Specifically, Plaintiff had designed the following courses at GSU and Moraine Valley Community College: Operating Systems; Foundation of Social Media; Scripting in Social Media; and Introduction to Microcomputers. Mr. Manprisio had no experience designing courses. Furthermore, Plaintiff had successfully completed a Certificate in Cloud Computing.

21. Fourth, the job announcement asked for "Ongoing involvement in professional activities." This was listed as a "preferred qualification." Throughout GSU's hiring process relating to the full-time University Lecturer position (Exhibit 3), Plaintiff was qualified in this category. Since 2003, Plaintiff had regularly updated his Computer Science/Information Technology knowledge and skills by completing yearly trainings, seminars, and workshops. Plaintiff and Mr. Manprisio had both developed seminars, workshops, etc. for the academic community.

22. Fifth, the job announcement asked for at least two years of teaching experience. This was listed as a "preferred qualification." Throughout GSU's hiring process relating to the full-time University Lecturer position (Exhibit 3), Plaintiff was more qualified than Mr.

5

Manprisio in this category. Plaintiff had more teaching experience, and better teaching experience, than Mr. Manprisio. Plaintiff had 12 years of teaching experience at the college level, whereas Mr. Manprisio had five years of teaching experience at the college level. Plaintiff had been teaching at the college level since August 2002. He taught at Moraine Valley Community College from 2002 to 2005; the City Colleges of Chicago from 2002 to the present; Lewis University from 2006 to the present; and GSU from 2007 to the present. In contrast, Mr. Manprisio began teaching at the college level in June 2009 (seven years after Plaintiff began teaching at the college level). Manprisio taught at DeVry University from June 2009 to May 2010; Joliet Junior College from January 2010 to May 2010; ITT Technical Institute from March 2010 to December 2014; and Westwood College from December 2012 to December 2014.

23. All of Plaintiff's teaching experience was at regionally accredited institutions. Most of Mr. Manprisio's teaching experience was at institutions that were not regionally accredited. GSU is a regionally accredited institution.

24. Plaintiff had taught associate, undergraduate, and graduate level courses. (He had taught graduate level courses at GSU and Lewis University.) In contrast, Mr. Manprisio had taught only associate and undergraduate courses. Plaintiff had been teaching graduate level courses since 2007. All of Plaintiff's student evaluations from graduate students were good to excellent. Full-time University Lecturers at GSU are expected to teach graduate level courses.

25. Regarding the substance of their teaching, Plaintiff had taught courses in Mathematics, Computer Science, Information Technology, Information Security, and Business. In contrast, Mr. Manprisio had taught courses only in Business and Information Technology.

6

26. Plaintiff had regularly received good to excellent student evaluations, recognition from students in various forms, and awards for his performance. Plaintiff's student evaluations, at all schools where he had taught, averaged scores in the high 80s to low 90s in percentage terms. Plaintiff's courses and the opportunities he brought to campus had been covered in GSU's student newspaper.

27. Plaintiff's classes had been in high demand and were sometimes over capacity. His classes had a high retention rate.

28. Plaintiff and Mr. Manprisio had both taught face-to-face, blended (hybrid), and e-learning classes. However, Plaintiff had earned a Master Online Teacher Certificate from the University of Illinois and the Illinois Online Network. Manprisio had no degree or certificate in Online Teaching.

29. Full-time University Lecturers in GSU's Computer Science Department are required to teach eight courses per year. In contrast, Plaintiff had been teaching an extremely heavy course load. He had been teaching an average of sixteen classes per year since 2013.

30. The job announcement made no mention of administrative experience, project management, information management, industrial experience, or Linux+.

31. Plaintiff had always been rated as meeting expectations on his performance reviews at GSU.

32. Plaintiff had served the GSU community and the broader community. He had mentored students in GSU's Honors Program and General Program. He had helped GSU students obtain graduate assistantships, scholarships, internships, and jobs in the private and public sectors. He had served as a Master's Thesis/Project reader at GSU. He had used his professional network to bring guest speakers from the Federal Bureau of Investigation (FBI) and National Security Agency (NSA) to GSU. And he had worked with youth on Science,

Technology, Engineering, and Mathematics (STEM) through the Institute of Electrical and Electronics Engineers (IEEE).

33. On December 18, 2014, GSU gave the full-time University Lecturer position to Mr. Manprisio.

34. GSU was aware of Plaintiff's race, religion, national origin, and ancestry before GSU made the decision to give the position to Mr. Manprisio. Since 2007, Plaintiff had discussions with various Computer Science Department members about his race, religion, national origin, and ancestry. In addition, on June 6, 2012, then-Congressman Jesse Jackson, Jr. sent GSU a letter which stated that Plaintiff was a South Asian Muslim. Furthermore, on March 16, 2014, Plaintiff's attorneys sent GSU a letter which stated that Plaintiff was a South Asian Muslim. On April 3, 2014, after receiving the letter from Plaintiff's attorneys, GSU Human Resource Officer Kristina Houston met with the Computer Science Department (except Plaintiff) to discuss Plaintiff's concerns about discrimination based on religion and national origin. Plaintiff speaks English fluently with a South Asian, Pakistani accent. Plaintiff's physical appearance indicates that he is South Asian.

## COUNT I

### (Title VII – Race Discrimination, Religious Discrimination, National Origin Discrimination)

35. Paragraphs 1-34 are restated herein.

36. Defendant intentionally discriminated against Plaintiff in violation of 42 U.S.C. § 2000e *et seq.*, as amended.

37. Defendant's unlawful actions have caused Plaintiff a lost promotion, lost pay and benefits, emotional distress, inconvenience, and other consequential damages.

WHEREFORE Plaintiff respectfully requests:

    A.    Full-time University Lecturer position;

    B.    Lost pay and benefits;

    C.    Compensatory damages;

    D.    Attorney's fees and costs; and

    E.    Such other relief as law and justice allow.

## COUNT II

### (Section 1981 – Ancestry Discrimination)

38. Paragraphs 1-37 are restated herein.

39. Defendant intentionally discriminated against Plaintiff in violation of 42 U.S.C. § 1981.

40. Defendant's unlawful actions have caused Plaintiff a lost promotion, lost pay and benefits, emotional distress, inconvenience, and other consequential damages.

WHEREFORE Plaintiff respectfully requests:

    A.    Full-time University Lecturer position;

    B.  Lost pay and benefits;

    C.  Compensatory damages;

    D.  Attorney's fees and costs; and

    E.  Such other relief as law and justice allow.

Respectfully Submitted,

*/s/ Kamran Memon*

_____
One of Plaintiff's Attorneys

Kamran Memon
Law Offices of Kamran Memon
200 S. Michigan Ave.
Suite 201
Chicago, IL 60604
(312) 961-2354

Janaan Hashim
Amal Law Group, LLC
225 W. Washington Boulevard
Suite 2200
Chicago, Illinois  60606

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2015-02777 |

Illinois Department of Human Rights **and EEOC**
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Aslam Shahid | 773-307-4508 | 11/15/72 |

Street Address: 5209 W. 109th Street, Oak Lawn, IL 60453

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Governors State University | 500+ | 708-534-4100 |

Street Address: Department of Human Resources, Room C1360, 1 University Parkway, University Park, IL 60484-0975

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [X] RELIGION  [X] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12/18/14    Latest:
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Aslam Shahid is a South Asian Muslim of Pakistani national origin; he is 42 years old. Mr. Shahid has been teaching Information Technology at the college level since 2002. He has been teaching part-time in Governors State University's ("GSU") Computer Science Department since 2007. He has received good annual performance reviews and student evaluations. In October 2014, GSU posted a job announcement for a full-time position: University Lecturer, Information Technology. Mr. Shahid applied for that position. However, on December 18, 2014, GSU gave the position to a less qualified White, non-Muslim, non-Pakistani, younger candidate.

GSU's actions violated Title VII as amended.

**RECEIVED EEOC**
FEB 1 2 2015
**CHICAGO DISTRICT OFFICE**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2/6/2015   [signature]
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Exhibit 1

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Aslam Shahid<br>c/o Kamran Memon, Esq.<br>Amal Law Office<br>200 South Michigan Avenue, Suite 201<br>Chicago, IL 60604 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2015-02777 | Grace Swierczek,<br>Investigator | (312) 869-8144 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     6/23/15
Julianne Bowman,            (Date Mailed)
District Director

Enclosures(s)

cc:   **GOVERNORS STATE UNIVERSITY**
      c/o Joyce Coleman
      **Associate Vice President for Human Resources & Diversity**
      **One University Parkway**
      **University Park, IL 60484**

Exhibit 2

**Position Information**

| | |
|---|---|
| Position Type | University Lecturer |
| Classification Title | University Lecturer, Information Technology |
| Position's Functional Title | University Lecturer, Information Technology |
| Position Start Date | 01-01-2015 |
| Position End Date | |
| Department | Science, CAS |
| Location: | University Park |
| Position Summary | The successful candidate will teach undergraduate/graduate courses in the Computer Science and Information technology fields. We seek candidates with outstanding teaching skills, advising non-traditional or diverse student populations, evidence of a potential or distinguished record of scholarship as well as community service via projects, committees and/or leadership roles.

Governors State University is the only regional, public, comprehensive university in Chicago's south suburban area, serving approximately 7,750 students annually. GSU provides accessible, high value undergraduate and graduate education to culturally and economically diverse students. With the lowest undergraduate tuition in Illinois, GSU offers accredited programs that have earned high praise from national accrediting agencies. Founded in 1969, GSU is undergoing major transition. Previously a non-residential, "senior institution," which accepted transfer and graduate students only, GSU now accepts first-year students and completed its first residence halls in 2014. The university has an ambitious five-year Academic Master Plan, greatly expanding current programs. GSU is planning a state-of-the art General Education program and working to greatly expand student academic and support services to foster student and community engagement. New faculty at GSU must demonstrate enthusiasm and ability to work with students at all levels, from first-year to graduate.

Through its Strategy 2015, GSU emphasizes excellence, access, and innovation. Students benefit from the university's high academic quality, range of convenient class times, increasing hybrid and online offerings, and outstanding educational value. GSU seeks to become a national leader in successful transfer of community college students to universities, and is leading through the Kresge-supported Dual Degree Program, with features such as tuition lock-in at GSU for academically eligible community college students who commit to earn an Associate Degree and attend college full-time. GSU offers several applied doctoral degrees in health and counseling fields and launched an Ed.D. in Interdisciplinary Leadership in January 2013.

The exceptionally beautiful campus is conveniently located within easy reach by road and rail to Chicago and surrounding communities that have a wealth of cultural and natural attractions. The highly diverse region GSU serves has a number of high performing schools and engaged communities as well as struggling urban, suburban, and rural |

Exhibit 3

| | |
|---|---|
| | communities. GSU seeks to serve as a public square, working to foster educational opportunities for all populations. |
| Minimum Qualifications | Master's Degree in Information Technology, Computer Science, or related field.<br><br>Current Professional Certification in at least two of the following areas: MS Server, Cisco, IT Security, Virtualization, CISSP is required. |
| Preferred Qualifications | Preference will be given to candidates who can teach and design courses in one or more of the following areas:<br>Information Security and Assurance, Virtualization and Cloud Computing, Information Technology Management.<br><br>Ongoing involvement in professional activities.<br><br>Two years teaching experience is desirable. |
| Posting Date | 10-25-2014 |
| Closing Date | Open Until Filled |
| Special Instructions to Applicants | Applicants must complete a faculty profile; attach resume or vita, three professional references, and copy of transcript(s). |
| Posting Number | 0201634 |
| Type of Search | External |
| Quicklink for Posting | employment.govst.edu/applicants/Central?quickFind=53276 |

Close Window

# INFORMATION ASSURANCE I (SECURITY+)

REGIONAL CSSIA
Center for Systems Security and Information Assurance
CYBER DEFENSE TRAINING CENTER

NSF

THIS CERTIFIES THAT

## Sam Shahid

HAS PARTICIPATED IN CSSIA
INSTRUCTOR DEVELOPMENT AND
IS RECOGNIZED BY THE CENTER
FOR SYSTEMS SECURITY AND
INFORMATION ASSURANCE

Signature: [signature] Date: 8/15/03

Erich J. Spengler, Director/Principle Investigator

EDUCATING TO PROTECT
THE NATIONS
CYBER INFRASTRUCTURE
WWW.CSSIA.ORG

Exhibit 4

# SECURITY AWARENESS (ITAA)

**THIS CERTIFIES THAT**

## Sam Shahid

HAS PARTICIPATED IN CSSIA INSTRUCTOR DEVELOPMENT AND IS RECOGNIZED BY THE CENTER FOR SYSTEMS SECURITY AND INFORMATION ASSURANCE

Signature: *Erich J. Spengler, Director/Principle Investigator*

Date: 8/1/05

EDUCATING TO PROTECT THE NATIONS CYBER INFRASTRUCTURE
WWW.CSSIA.ORG

Center for Systems Security and Information Assurance — CYBER DEFENSE TRAINING CENTER